```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

YANCEY LAMARR WHITE,            )
                                )
            Petitioner,          )
                                )
       v.                        )       No. 4:11-CV-1464-TIA
                                )
STEVE LARKINS,                   )
                                )
            Respondent.          )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Yancey Lamarr White for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis.

**The petition and supplement**

Petitioner, an inmate at the Eastern Reception Diagnostic and Correctional Center, brings this action for a writ of habeas corpus under 28 U.S.C. § 2241.[1] The named respondent is Steve Larkins, the Warden. Petitioner alleges that the conditions of his sixteen-year sentence "are very oppressive." For relief, he asks

---

[1] Because petitioner is a state prisoner, the Court will construe this action as having been brought under 28 U.S.C. § 2254.

this Court to (1) intervene in his prison conduct violation hearings; (2) conduct a background check on a correctional officer; (3) order the prison Chaplain to establish a prayer service for Muslims; and (4) order ERDCC staff "to eliminate the indecent [sic] policy." This relief, however, is not available in habeas corpus actions.  Moreover, even if petitioner were requesting his immediate release from prison, the habeas claim would fail, because there is no indication that petitioner has exhausted his available state remedies.

Moreover, it is a well-settled general principle that a habeas corpus petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, see Heck v. Humphrey, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the "conditions" of one's confinement. See Viens v. Daniels, 871 F.2d 1328, 1333 (7th Cir. 1989); see also White v. Gittens, 121 F.3d 803, 807, n. 3 (1st Cir. 1997) (noting applicability of general rule to § 1983 actions for both declaratory relief and damages). Consistent with this general rule, a prisoner's claim of constitutional violations against a state actor may be brought as a civil rights suit for damages or injunctive relief pursuant to 42 U.S.C. § 1983. Thus, to the extent that petitioner is seeking injunctive relief, his recourse is under § 1983, not habeas corpus.

For these reasons, this Court must dismiss the instant habeas petition, but notes that dismissal is without prejudice to

a future habeas corpus action, following exhaustion of state remedies, or to any constitutional claims which petitioner may bring in this Court under 42 U.S.C. § 1983.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to supplement the petition for writ of habeas corpus [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED** without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of September, 2011.

                **/s/Jean C.Hamiton**
                **UNITED STATES DISTRICT JUDGE**